IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |   |
|---|---|---|
| JOHNNIE HUDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  08-3122 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Johnnie Hudson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (d/e 1).  For the reasons set forth below, the Motion is DENIED.

## STATEMENT OF FACTS

On April 7, 2007, Hudson was charged with two counts of distributing more than five grams of cocaine base ("crack") within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  <u>Indictment</u> (d/e 2).  On April 18, 2008, the United States Magistrate Judge conducted a hearing and entered a Report and Recommendation for the entry of an open plea of

guilty to the charges.  Government's Opposition to Petitioner's § 2255 Motion (d/e 4), Exhibit 1, Transcript of Proceedings on January 8, 2008, in U.S. v. Hudson, Case No. 07-30027 (Transcript), at 2.  At the plea hearing, Hudson was placed under oath, and Judge Cudmore conducted the colloquy to determine whether Hudson's plea was knowing and voluntary.  Fed. R. Crim. P. 11.  During the colloquy, Hudson stated that he was satisfied with the representation he received by his counsel, he understood the nature of the charges against him, he understood the possible penalties, he understood and waived his rights, he was pleading voluntarily, and no one threatened him or made any promises to induce him to plead guilty.  Transcript, at 6-16, 22-24.  The Government then presented the factual basis for the plea, showing that on February 14, 2006, and March 16, 2006, Hudson distributed crack cocaine within 1000 feet of a school in Springfield, Illinois.  The Government recited that a confidential informant recorded the February 14, 2006, transaction with a hidden audio recorder and a hidden video camera.  Transcript, at 24-26.  Hudson admitted that he distributed crack cocaine as set forth by the Government.  Transcript, at 27-28.  Hudson then pleaded guilty to the charges.  Transcript, at 29.

     This Court accepted the plea and found Hudson guilty of the charges.

<u>Case No. 07-30027 Text Order entered February 11, 2008</u>.  On April 14, 2008, the Court sentenced Hudson to 96 months on Counts 1 and 2, to run concurrently.  <u>Judgment (d/e 2)</u>, at 2.  Hudson did not appeal.

## ANALYSIS

Hudson now seeks relief under § 2255.  He makes the following assertions in his Motion:

> My lawyer gave me ineffective counsel and at the time I was not educated on the grounds of the charges.
>
> . . . .
>
> GROUND ONE: ineffective counsel . . .
> My lawyer did not make me aware of a plea deal.  He also said it was in my best interest not to file for any appeal, also he did not argue while 17 my criminal history should be mitigated by the impetuousness and recklessness of youth, last of all he made me believe I had no choice but to plead guilty and take the judgment ordered because the Judge would be harsh on me and "the only way to get a plea deal would be to tell on somebody" (lawyer) said this to me.  Booker Variance Super acceptance of responsibility.
>
> . . . .
>
> My lawyer said it would be in my best interest not to appeal; saying I would get more time.

<u>Motion</u>, at 5 (misspellings corrected).  Hudson provided no other material or information to support his Motion.

3

At this stage of the proceeding, this Court must determine whether Hudson is entitled to an evidentiary hearing on his claims. § 2255 Rule 8(a). Hudson must submit detailed and specific evidence which shows that he has actual proof of the allegations, rather than mere unsupported assertions, before he is entitled to an evidentiary hearing. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).

Hudson claims ineffective assistance of counsel. To establish ineffective assistance, Hudson must show: (1) the counsel's performance fell below an objective standard of reasonableness; and (2) the counsel's deficient performance prejudiced him resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Hudson has failed to present any evidence that would establish any of his claims of ineffective assistance.

Hudson claims first that he was not educated on the grounds of the charges. The transcript, however, belies this claim. Hudson stated under oath that his counsel had explained the charges to him and the potential penalties. The Government presented the factual basis for the charges regarding the two sales of crack, and Hudson admitted that he committed the crimes. He understood the charges and the grounds for the charges.

There is no showing of any ineffective assistance.

Hudson says that his lawyer did not make him aware of a plea deal and that his lawyer told him that the only way to get a plea deal was to tell on someone. Hudson presents no evidence that the Government made any offer of a plea deal. He complains about his lawyer's advice that he would have to tell on someone to get a plea deal, but he presents no evidence that the lawyer's advice was incorrect. He presents no evidence of ineffectiveness in connection with the plea.

Hudson next complains that his attorney told him that it was not in his best interest to appeal, and that he would get more time if he appealed. Hudson presents no evidence to support his contention. Hudson, further, cites no facts to indicate that he had any basis to appeal. The Government had strong evidence that he distributed crack cocaine within 1000 feet of a school, including audio and video recordings. Hudson makes no showing that his counsel's advice not to appeal fell below the objective standard of reasonableness.

Hudson complains that his counsel was ineffective because he did not argue that Hudson's criminal history should be mitigated by the impetuousness and recklessness of youth since he committed some of the

5

crimes while he was 17. Hudson's Presentense Investigation Report (PSR) imposed one criminal history point because Hudson committed the crime of possession of cannabis on April 3, 2000, when he was 17 years old. PSR (Case No. 07-30027 d/e 14), ¶ 33. The Clerk is directed to file a copy of Hudson's PSR under seal in this case. Hudson received one criminal history point because he was sentenced on this offense on August 27, 2001, which was within five years of the date that he committed the offenses of conviction. Id.; U.S.S.G. § 4A1.2(d)(2)(B).

Hudson presents no authority for the proposition that impetuousness and recklessness of youth should affect criminal history considerations. The Sentencing Guidelines address treatment of offenses committed before the age of eighteen when calculating a defendant's criminal history category. U.S.S.G. § 4A1.2(d). This section of the Guidelines was followed in Hudson's case. The Guidelines further state that age generally is not a consideration, except for elderly and infirm defendants. U.S.S.G. § 5H1.1. The impetuousness and recklessness of youth is not a consideration. Hudson's counsel met the objective standard of reasonableness in deciding not to argue that the Court should have considered the impetuousness and recklessness of youth in considering Hudson's criminal history.

Last, Hudson mentions something called, "Booker Variance Super acceptance of responsibility." The Court is not familiar with this term and so is not sure of the issue that Hudson is attempting to raise. The Supreme Court established in the <u>Booker</u> case that the Sentencing Guidelines were advisory and a factor to be considered by the Court. <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005). The <u>Booker</u> case, however, did not establish a "Variance Super acceptance of responsibility" principle. Hudson's counsel, therefore, again met the objective standard of reasonableness in deciding not to argue for a "Variance Super acceptance of responsibility."

THEREFORE, Petitioner Johnnie Hudson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (d/e 1) is DENIED. The Clerk is directed to file a copy of Hudson's PSR under seal (Case No. 07-30027 d/e 14) in this case. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 21, 2009

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE